UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL LINT,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DARREN YOUNG, WARDEN, a/k/a Darrin Young; BOB DOOLEY, WARDEN, a/k/a Bob Doolie; and DENNY DAEMINGK, SECRETARY OF CORRECTIONS,<br><br>　　　　　Defendants. | 4:15-CV-04070-KES<br><br><br>REPORT AND RECOMMENDATION TO DISMISS ON SCREENING |

## INTRODUCTION

Plaintiff, Samuel Lint ("Lint"), an inmate at the South Dakota State Penitentiary (SDSP) brings this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983. He has been granted *in forma pauperis* status and has paid the initial partial filing fee.

## BACKGROUND

Lint brings suit against Darin Young, the Warden at the South Dakota State Penitentiary, Denny Kaemingk, the Secretary of Corrections, and Bob Dooley, the Warden of the Mike Durfee State Prison in Springfield, South Dakota. Lint alleges that on August 25, 2014, he was taken to the "hole" for investigative purposes. Although he was totally cooperative and offered to give a UA, he was ultimately found guilty of bringing drugs into the facility. Lint

spent eighteen (18) days in the hole and was fined one hundred dollars ($100.00).  Lint asserts he was denied due process because the disciplinary hearing officer did not follow proper policy.  Lint also asserts the applicable disciplinary policy regarding confidential informants is vague and confusing, and should be changed.  Finally, in the "relief" section of his complaint, Lint asks the court to drop the sanctions that were imposed against him and reimburse the $100.00 fine.

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated October 16, 2014.

## DISCUSSION

**A.  Screening Standards for Prisoner Complaints Pursuant to 28 U.S.C. §§ 1915, 1915A and FED. R. CIV. P. 12(b)(6)**

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii))  and 1915A(b)(1), a prisoner's complaint should be dismissed on screening if it "fails to state a claim upon which relief may be granted."  This standard is the same standard as is used to determine whether a complaint satisfies the standards of FED. R. CIV. P. 12(b)(6).  Kane v. Lancaster County Dept. of Corrections, 960 F.Supp. 219 (D. Neb. 1997).  A prisoner complaint is screened for dismissal under 28 U.S.C. § 1915  "accepting as true all of the factual allegations contained in the complaint and affording the plaintiff all reasonable inferences that can be drawn from those allegations."  Jackson v. Nixon, 747 F.3d 537, 540-41 (8th Cir. 2014).  Further, "a *pro se* complaint, however inartfully pleaded, [is held] to

less stringent standards than formal pleadings drafted by lawyers." Jackson, 747 F.3d at 541. (citation omitted).

The United States Supreme Court addressed the standard district courts are to apply to FED. R. CIV. P. 12(b)(6) Ashcroft v. Iqbal motions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and, 556 U.S. 662 (2009). The law predating Twombly and Iqbal held that under FED R. CIV. P. 12(b)(6), the court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, Conley's "no set of facts" language was overruled in Twombly. Twombly, 550 U.S. at 563. Instead, the Court adopted a standard by which plaintiffs must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added).

The Court discussed the applicability of FED. R. CIV. P. 8(a)(2). Id. at 554-55. According to Rule 8, a plaintiff must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court acknowledged that a complaint does not need "detailed factual allegations" to survive a motion to dismiss, but emphasized a plaintiff's obligation to provide the grounds for his entitlement to relief as requiring more than a mere recital of the elements of his cause of action. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Court imposed a "plausibility standard" and held that a claim "requires a

complaint with enough factual matter (taken as true)" to support the conclusion that the plaintiff has a valid claim. Id. at 556.

The Court rejected the notion that conclusory allegations were enough to survive a 12(b)(6) motion to dismiss a claim. Id. at 556-57. The Court explained, "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [a valid claim] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " Id. at 557 (quoting FED. R. CIV. P. 8(a)(2)). The Court said the plaintiff's complaint must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief. *Id.*

In 2009, the Supreme Court decided Ashcroft v. Iqbal, and affirmatively applied the Twombly Rule 12(b)(6) standard to all civil actions. Iqbal, 556 U.S. at 684. Because Twombly *i*nterpreted and applied FED. R. CIV. P. 8, and because the Federal Rules of Civil Procedure apply to all civil actions in federal court, the Iqbal Court said, Twombly was properly applied to all federal civil cases. Id.(citing FED. R. CIV. P. 1).

The *Iqbal* Court expressly adopted Twombly's announcement that Rule 8 does not require "detailed factual allegations," but does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). The Court reaffirmed Twombly's holding that a complaint containing mere

4

"labels and conclusions" or a "formulaic recitation of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6). *Id.*

"To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting Twombly, 550 U.S. at 570). The plausibility standard requires that the plaintiff allege more than a "sheer possibility" that the defendant committed the alleged unlawful conduct, but does not impose a "probability requirement" at the pleading stage. *Id. (*quoting Twombly, 550 U.S. at 556). The plaintiff must, however, allege sufficient facts to "raise a reasonable expectation that discovery will reveal evidence of [the conduct complained of*].*" Twombly, *550* U.S. at 556. Where a plaintiff pleads facts that are merely consistent with a defendant's liability, he has not "nudged [his] claim across the line from conceivable to plausible," and the complaint must be dismissed*.* Iqbal, 556 U.S. at 680 (citing Twombly*,* 550 U.S. at 570). There is no heightened requirement of fact pleading of specifics--only a requirement that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The Court identified two "working principles" from Twombly. Iqbal, 556 U.S. at 678. First, courts are not required to accept as true legal conclusions "couched as factual allegation[s]" contained in a complaint. Id. (citing Papasan, 478 U.S. at 286). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. *(*quoting

5

Twombly, 550 U.S. at 555).  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, in applying the plausibility standard, the Court stated that it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)).  Where the plaintiff's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has *alleged*–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2).  Iqbal, 556 U.S. at 679.

The Court explained that a reviewing court should begin by identifying statements in the complaint that are conclusory and therefore not entitled to the presumption of truth.  Id. at 679-680.  Legal conclusions must be supported by factual allegations demonstrating the grounds for a plaintiff's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  It is with these standards in mind that Lint's Complaint is carefully considered.

**B.   Lint's Complaint Fails to State A Claim Upon Which Relief May be Granted.**

Lint alleges  he was denied due process in a prison disciplinary proceeding and as a result, he spent eighteen days in the "hole" and incurred a

6

$100.00 fine.  These allegations, however, insufficient to state a claim upon which relief may be granted under § 1983.

A prison inmate's right to due process regarding his classification (and accompanying privileges or lack thereof) within prison walls was clarified and greatly circumscribed by the United States Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995).  In that case, the Court stated:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin, 515 U.S. at 483-84 (citations omitted).  The Court held the prisoner's discipline in segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."  Id. at 486.

In Freitas v. Ault, 109 F.3d 1335 (8th Cir. 1997), the prisoner plaintiff complained his due process rights were violated when he was disciplined and transferred to a different facility and placed in "on- call" status.  These disciplinary measures meant the prisoner was:  placed in "lock-up" (i.e. was allowed out of his cell for only one or two hours per day), allowed fewer visitors and no phone calls, not allowed to work at a prison job, restricted in his ability to keep personal items in his cell, and restricted in his ability to earn good time credits.  Frietas, 109 F.3d at 1337.  The Eighth Circuit held as a matter of law that "these conditions

do not constitute any atypical and significant hardship when compared to the burdens of ordinary prison life." Id. In light of Sandin and Freitas, Lint's claims regarding his placement in disciplinary segregation (the "hole") and imposition of a fine, therefore, are insufficient to state a due process claim and should be dismissed.

### C.     Lint's Filing Fees.

If Lint's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Lint's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. In Re: Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his complaint with the court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. Anderson v. Sundquist, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make:  Is the lawsuit worth the price?

Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995)  See also In Re: Tyler, 110 F.3d 528, 529-30 (8th Cir.

1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Lint remains responsible for the balance of the $350.00 filing fee.

Lint is advised that the dismissal of this lawsuit will be considered his first "strike" for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## CONCLUSION and RECOMMENDATION

Liberally construed, Lint attempts to allege a violation of the Due Process Clause of the United States Constitution by a faulty or incorrect prison disciplinary proceeding. Lint's Complaint does not assert facts to sustain this theory of liability against any of the defendants. Lint has failed, therefore, to sufficiently allege he has been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States.

It is therefore RECOMMENDED to the District Court that Lint's Complaint (Doc. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and that he remain responsible for the balance of the $350.00 filing fee.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED May 29th, 2015.

THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge