UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL LINT,<br><br>    Plaintiff,<br><br> vs.<br><br>DARREN YOUNG, WARDEN, a/k/a Darrin Young; BOB DOOLEY, WARDEN, a/k/a Bob Doolie; and DENNY KAEMINGK, SECRETARY OF CORRECTIONS,<br><br>    Respondent. | 4:15-CV-04070-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING MOTION TO AMEND, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT |

  Plaintiff, Samuel Lint, filed this pro se lawsuit pursuant to 42 U.S.C. § 1983, naming Darin Young, Bob Dooley, and Denny Kaemingk as defendants. Docket 1. This matter was referred to Magistrate Judge Veronica L. Duffy for handling pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and this court's standing order of October 16, 2014. Magistrate Judge Duffy "screened" this case pursuant to 28 U.S.C. §§ 1915 and 1915A and recommends dismissal of Lint's claim for failure to state a claim upon which relief may be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 7. Lint objects to the recommendation. Docket 8. He also moves to amend his complaint. Docket 9. For the reasons below, Lint's motion is denied, Magistrate Judge Duffy's report and recommendation is adopted, and the complaint is dismissed.

**FACTUAL BACKGROUND**

According to the report and recommendation, Lint alleges he was taken to the "hole" for investigative purposes. Docket 7 at 1. He cooperated but was found guilty of smuggling drugs into the prison, and was punished. *Id.* Lint spent eighteen days in "the hole," was fined one hundred dollars, and lost his visitation, phone, recreation, and commissary privileges. *Id.* at 2; Docket 8 at 2. Lint filed this complaint, arguing he was denied due process because the prison did not follow the procedure in the prison manual. Docket 7 at 2. Magistrate Judge Duffy found that Lint failed to state a claim upon which relief may be granted and recommended the complaint be dismissed. *Id.* at 9. Lint objects to this recommendation. His objection restates his claim and elaborates on other punishments he suffered. Docket 8 at 2.

**LEGAL STANDARD**

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

**DISCUSSION**

Lint objects to Magistrate Judge Duffy's recommendation of dismissal. He does not specify what he objects to but argues that Magistrate Duffy's

finding that he failed to state a claim is incorrect. Lint also moves to amend his complaint to show that he can state a viable claim.

> I. **Lint's Due Process Claim Fails**

Lint claims defendants violated his due process rights by punishing him without following DOC procedures. The United States Supreme Court held "challenged prison conditions cannot give rise to a due process violation unless those conditions constitute 'atypical and significant hardship[s] on [inmates] in relation to the ordinary incidents of prison life.' " *McKune v. Lile*, 536 U.S. 24, 37 (2002) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

In *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003), an inmate was caught using illegal tobacco and was put in isolation. Initially, he was charged with a rule violation. *Id.* at 846.  He filed a § 1983 action and argued that that the denial of a hearing to respond to charges and his punishment represented an "atypical hardship" and violated his due process rights. *Id.* The court held that no due process violation occurred. *Id.* at 847. "In order to prevail on a Fourteenth Amendment due process claim, [a plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action." *Id.* (citing *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)). Lint was not denied life or property. Therefore, "[H]e must identify a liberty interest in order to sustain his due process claim." *Id.* at 847.

Prisoners' liberty interests created by the state are

3

> [G]enerally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* (citing *Sandin*, 515 U.S. at 483–84). In order to determine whether an inmate possesses a liberty interest, the court must compare the conditions of confinement in segregation with those in ordinary prison life. *Id.* (quoting *Beverati*, 120 F.3d at 503). The court does not consider "the procedures used to confine the inmate in segregation." *Id.*

Lint's original claim focused on the procedures allegedly misused by defendants. Docket 1 at 3. In his objections and proposed amended complaint, Lint identifies his additional punishments and argues that he was denied a liberty interest. Docket 8 at 2; Docket 9 at 2. His punishment is still not sufficient to state a claim. The plaintiff in *Phillips* complained that he "lost the privileges of contact visitations, yard and gym call, and chapel." *Id.* at 846. This is similar to Lint's punishment. The only material difference is that he lost his privielege to *any* visits. Docket 9 at 1.

In *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Supreme Court noted that "freedom of association is among the rights least compatible with incarceration." *Id.* at 131. "Some curtailment of that freedom must be expected in the prison context." *Id.* The Court, however, cautioned that it was not holding or implying that "any right to intimate association is altogether

4

terminated by incarceration or is always irrelevant to claims made by prisoners." *Id.*

The Eighth Circuit Court of Appeals considered this issue in *Ware v. Morrison*, 276 F.3d 385 (8th Cir. 2002). There, an inmate alleged due process violations because prison officials denied him visitation privileges. The court held, "Ware's loss of visitation privileges is within the ordinary incidents of confinement and cannot be considered an atypical and significant hardship." *Id.* at 387. The visitation complained of in *Ware* was different from the present case. Like Lint, Ware was punished for smuggling contraband into the prison. Unlike Lint, however, the people Ware was prohibited from visiting were those who the prison believed were helping him smuggle contraband. *Id.* at 386-87. Lint was prohibited from visiting his eight-year old daughter, who, according to the complaint, was not accused of helping Lint smuggle contraband. This factual distinction, however, is not sufficient to distinguish the application of the general principles of *Ware* as applied to Lint.

In *Kennedy v. Blankenship*, 100 F.3d 640 (8th Cir. 1996), the court held that a prisoner's "demotion from administrative segregation to punitive isolation is not the sort of deprivation that qualifies as 'atypical and significant.' " *Id.* at 642. As a result of Kennedy's demotion, his attorney visits were restricted for 30 days. *Id.* at 642 n. 2.  The court found this level of punishment insufficient to deprive Kennedy of a liberty interest. *Id.* at 643.

5

In *Taylor v. Crawford*, No. 4:07CV266 AGF, 2008 WL 3890379 (E.D. Mo. Aug. 18, 2008), the district court disagreed with prison officials and refused to apply *Kennedy*. The court held that Taylor's confinement in administrative segregation for over eight years constituted "an atypical and significant hardship in the context of ordinary prison life." *Id.* at *3.

The length of time Lint was prohibited from visitation is not clear. It is clear, however, that it was not longer than 90 days. This makes it similar to *Kennedy* and much shorter than *Taylor*. Courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Because of this discretion and the similarity of the facts in the complaint to the facts in *Phillips* and *Kennedy*, Lint fails to state a claim upon which relief may be granted under §§ 1915 and 1915A, and his claim is dismissed.

## II.    Lint's Motion To Amend Is Denied

Lint moves to amend his complaint. Docket 9. His amended complaint includes all of his punishments in order to give a full explanation of why his punishment represents "an atypical and significant hardship." "A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 15(a); however, it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-

6

moving party or would be futile." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003)). Here, Lint's amendment would be futile. As discussed above, even with a full explanation of his punishments, Lint's complaint fails to state a claim upon which relief may be granted. Therefore, Lint's motion to amend his complaint is denied.

### III.   Lint's Filing Fee.

If Lint's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. The legislative history and the case law interpreting the Prison Litigation Reform Act (PLRA), however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. The fact that Lint's case is dismissed under the screening procedures of §§ 1915 and 1915A does not negate his obligation to pay the fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (Under the PLRA prisoners are required to pay filing fees in full. The only issue is whether the inmate pays the entire filing fee at filing or in installments). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). Lint remains responsible for the $350.00 filing fee.

Lint is advised that the dismissal of this lawsuit will be considered a **first "strike"** for purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Therefore, it is ORDERED

1. Lint's motion to amend his complaint (Docket 9) is denied.

2. Lint's objections (Docket 8) to the report and recommendation are overruled.

3. The magistrate judge's report and recommendation (Docket 7) is adopted, and Lint's complaint (Docket 1) is DISMISSED without prejudice.

4. This action constitutes the **first strike** against Lint for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

Dated November 2, 2015.

>BY THE COURT:
>
>*/s/ Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE